■ PATRICIA BENINATI, Respondent, v STEPHEN BENINATI, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about September 19, 1991, which, *inter alia,* ordered and adjudged defendant to be in both civil and criminal contempt of court, committed him to prison for seven days on the criminal contempt, and directed his continued incarceration until such time as he purge his civil contempt, unanimously affirmed, without costs.

We find that the defendant was given sufficient notice that he was in danger of being held in criminal contempt. Section 751 (1) of the Judiciary Law requires that the accused contemnor "must be notified of the accusation, and have a reasonable time to make a defense." What constitutes sufficient notice and a reasonable time depends upon the particular circumstances of each case *(Orchard Park Cent. School Dist. v Orchard Park Teachers Assn.,* 50 AD2d 462, *appeal dismissed* 38 NY2d 911). The defendant was personally served with the order to show cause which contained, in bold and uppercase type, the unequivocal notice that the purpose of the hearing was to punish defendant for his contempt and that his failure to appear could result in his arrest and imprisonment based upon his flagrant refusal to comply with the pendente lite order of the trial court. The nature of the relief sought was to be clearly observed from the face of the motion papers *(Garry v Garry,* 121 Misc 2d 81, 84). Further, evidence that defendant's conduct in disobeying the pendente lite order was willful and that he knew he was in danger of being committed for such willfulness was demonstrated at an earlier contempt hearing, at which time the court had clarified its requirement that defendant make payments toward the parties' respective debts proportionately, and further clarified the fact that the pendente lite order was in full force and effect. Finally, at the August 1991 hearing the defendant was given an opportunity to purge his contempt and warned in no uncertain terms that if he continued his willful and evasive behavior, imprisonment would result.

Defendant's claim of inability to pay is belied by the record and defendant's own admission that he had made substantial payments toward his own debts for the purpose of maintaining his personal credit rating, while making virtually no payments on several other mortgages or with respect to the substantial maintenance charges on the apartment to which plaintiff was granted exclusive pendente lite occupancy. His claims of inability to pay are further rendered suspect by his testimony regarding a loan to him for which he cannot or will

not reveal the source, as well as his testimony regarding his ability to make various cash payments, bypassing his accounts which were frozen by plaintiff, while providing several thousand dollars to his mother on more than one occasion and making substantial charitable contributions.

With regard to the civil contempt, the trial court correctly determined that the enforcement remedies of sequestration, income execution or other methods were presumptively ineffectual, as plaintiff had already resorted to a number of these remedies which have proven to be inadequate. Concur—Murphy, P. J., Rosenberger, Ellerin and Kassal, JJ.